UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRACI HOUSE,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>STATE PUBLIC CHARTER SCHOOL AUTHORITY,<br><br>　　　　　　　　　　Defendant. | Case No. 2:17-cv-03086-MMD-VCF<br><br>ORDER |

## I.  SUMMARY

This is an employment discrimination case arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. Before the Court is Plaintiff Traci House's "Motion for Relief from Order of Dismissal Without Prejudice" ("Motion") (ECF No. 24). The Court has reviewed Defendant State Public Charter School Authority's ("Authority") response (ECF No. 25) as well as Plaintiff's reply (ECF No. 26). For the following reasons, the Court denies Plaintiff's Motion.

## II.  LEGAL STANDARD

Plaintiff moves for relief under Federal Rule of Civil Procedure 60(b). (ECF No. 24 at 1.) Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *See* Fed. R. Civ. P. 60(b); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that a district court's denial of Rule 60(b) motion is reviewed for abuse of discretion).

///

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

**III. DISCUSSION**

The Authority is a state-created governmental organization and must be served by delivering a copy of the summons and complaint to its chief executive officer or in the manner prescribed by Nevada law. *See* Fed. R. Civ. P. 4(j)(2). Under Nevada law, a copy of the summons and complaint must be served upon the Attorney General (or his or her designate) as well as "the person serving in the office of administrative head of the named agency." NRS § 41.031(2).

Plaintiff filed the Complaint on December 19, 2017, but did not serve the Authority's administrative head, who was Patrick Gavin at the time. (ECF No. 1; ECF No. 23 at 1-2.) The Authority moved to dismiss for lack of service (ECF No. 11), and the Court granted the Authority's motion (ECF No. 23 at 2). In her opposition to the Authority's motion, Plaintiff alleged that she attempted to serve Mr. Gavin on six occasions in February 2018. (ECF No. 14 at 2.) Plaintiff also requested an extension of time to August 15, 2018, to serve Mr. Gavin. (*Id.* at 3.) But even by November 28, 2018, Plaintiff had not filed proof of service as to Mr. Gavin. (ECF No. 23 at 2.) Accordingly, the Court granted the Authority's motion and dismissed Plaintiff's case without prejudice. (*Id.*) Plaintiff filed her Motion two and a half months later. (ECF No. 24 (filed February 12, 2019).)

In the Motion, Plaintiff seeks an order setting aside the dismissal order and allowing Plaintiff ten days to obtain a summons and serve the Authority's acting executive director.

1 (*Id.* at 6.) Plaintiff essentially contends that she was unable to serve Mr. Gavin because he was affirmatively evading service. (*Id.* at 2-3.) But this is exactly what Plaintiff alleged in her response to the Authority's motion to dismiss. (ECF No. 14 at 2 ("Mr. Gavin and his staff intentionally try to avoid service being executed.").) Thus, Plaintiff's Motion constitutes an attempt "to re-litigate the same issues and arguments upon which the court already has ruled." *Brown*, 378 F. Supp. 2d at 1288.

In her reply, Plaintiff additionally argues that her failure to serve Mr. Gavin was the result of "excusable neglect." (ECF No. 26 at 3.) While neglect is apparent in this case, Plaintiff has not shown it to be excusable. Plaintiff did not even file her Motion until two and a half months after dismissal of her case, and Plaintiff offers no explanation for her delay. Plaintiff also argues that Nev. R. Civ. P. 4.2(d)(6)(A) requires the court to "allow a party a reasonable time to cure its failure" to serve the administrative head if the party has served the Attorney General. (ECF No. 26 at 3.) But Plaintiff has had more than a year to serve the Authority's administrative head and has failed to do so.

Accordingly, the Court will deny Plaintiff's Motion.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 24) is denied.

DATED THIS 12th day of April 2019.

                                              MIRANDA M. DU
                                              UNITED STATES DISTRICT JUDGE